## 70183. LEHMAN v. THE STATE.
### (332 SE2d 17)

McMURRAY, Presiding Judge.

On February 13, 1984, the defendant was indicted for aggravated assault and unauthorized possession of a weapon by an inmate. After a jury trial, the defendant was found guilty on both counts. From his conviction the defendant appeals. *Held*:

1. The defendant argues that the evidence was insufficient to support a conviction based on this charge because the State did not prove the defendant was "confined in a penal institution" as required by OCGA § 42-5-63 (b). This Code section states: "A person is deemed 'confined in a penal institution' if he is confined in any of the penal institutions specified in subsection (a) of this Code section by order made pursuant to law, regardless of the purpose of the confinement and regardless of the validity of the order directing the confinement, until a judgment of a competent court setting aside the order becomes final so as to entitle the person to his immediate release." The defendant argues that since the State did not introduce into evi-

dence a certified order made pursuant to law directing the confinement of the defendant, the indictment must fail. We do not agree. OCGA § 42-5-63 (b) defines confinement; it does not make the production of an order an essential element of the crime which must be admitted into evidence at trial.

There was evidence that defendant possessed a homemade knife while confined as a prisoner at the Coastal Correctional Institution. The evidence was sufficient for a rational trier of fact to have found defendant guilty of the offense of unauthorized possession of a weapon by an inmate beyond a reasonable doubt and also sufficient for a rational trier of fact to have found defendant guilty of aggravated assault beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Hampton v. State*, 250 Ga. 805, 808 (301 SE2d 274).

2. In light of our holding in Division 1, the trial court did not err in charging the jury concerning the unauthorized possession of a weapon by an inmate.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED MAY 14, 1985.

*R. Wade Gastin*, for appellant.

*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney*, for appellee.